UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE DEGUZMAN, | No.  2:12-cv-0338 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES, | |
| Defendant. | |

Presently pending before the court is Plaintiff's motion to compel Defendant to pay unpaid deposition charges, filed on May 3, 2013.  ECF No. 40.  On June 5, 2013, the court held a hearing on this matter.  Lisa Ventura appeared for the Plaintiff.  Victoria Boesch appeared for the Defendant.  On review of the motion, the documents filed in support and opposition, and good cause appearing therefore, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2010, Plaintiff Michelle DeGuzman was involved in an auto collision with Jason Pringle, an employee of the United States Marine Corps who was driving a government vehicle.  Plaintiff sustained injuries as a result of the accident.

On July 13, 2012, a pretrial scheduling order was issued in this case, setting February 22, 2013 as the deadline for expert disclosures.  See ECF No. 16 at 2.  Pursuant to the scheduling order, the expert designations "shall be accompanied by a written report prepared and signed by

1

the witness.  The report shall comply with Federal Rule of Civil Procedure 26(a)(2)(B)."

Additionally, "[f]ailure of a party to comply with the disclosure schedule as set forth above in all

likelihood will preclude that party from calling the expert witness at the time of trial."  Id.

On February 22, 2013, the parties disclosed their expert witnesses.  See ECF Nos. 27-28.

Plaintiff identified Dr. Anderson as both a fact witness and an expert witness, but did not submit

her expert report at the time of disclosure.  See ECF No. 28 at 3-4 ("Dr. Anderson's written report

. . . is not yet available but will be produced by March 22, 2013.").  On February 19, 2013, three

days before the expert deadline, Plaintiff filed an ex parte application for order extending time for

the production of expert reports.  See ECF No. 23.

On March 13, 2013, Defendant issued a deposition subpoena directed to Dr. Anderson

with a deposition date of March 22, 2013.  See Greenblatt Decl. Ex. A., ECF No. 40.  In response

to the subpoena, Dr. Anderson's office emailed defense counsel a consulting invoice for

"deposition testimony" in the amount of $1,500.00 for one hour along with a cancellation policy,

which reads: "CANCELLATION POLICY: Written notice of cancellation must be received by

our office no later than four (4) weeks prior to the scheduled service.  Any cancellation less than

four (4) weeks is non-refundable."  Id., Ex. B.

On March 20, 2013, two days before Dr. Anderson's scheduled deposition, the Honorable

Kimberly J. Mueller denied for lack of good cause Plaintiff's ex parte application for order

extending time for production of expert reports.  See ECF No. 31.

On March 21, 2013, Plaintiff submitted Dr. Anderson's expert report, which, in light of

Judge Mueller's order, was now untimely.  See ECF No. 32.

Also on March 21, 2013, and less than 24 hours before Dr. Anderson's scheduled

deposition, defense counsel cancelled the deposition.

DISCUSSION

Plaintiff argues here that her expert witness, Dr. Anderson, is entitled to the $1,500

cancellation fee pursuant to Federal Rule of Civil Procedure 26(b)(4)(E)(i), which requires

payment to an expert witness of "a reasonable fee for time spent in responding to discovery."

Whether Dr. Anderson is entitled to this fee for expert witnesses turns on whether Dr. Anderson can be considered an expert witness in the first place.

A.    Dr. Anderson as an Expert Witness

Federal Rule of Civil Procedure 26 requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Generally, the disclosure regarding expert testimony is intended to allow the opposing party to have a reasonable opportunity to prepare for effective cross-examination and arrange for expert testimony from other witnesses. See Adv. Comm. Notes to 1993 Amendments. The Federal Rules contemplate two different classes of experts: those retained or specially employed to give expert testimony in a case, and witnesses who are not retained or specially employed but, nevertheless, may provide expert testimony. See Elgas v. Colorado Belle Corp., 179 F.R.D. 296, 298 (D. Nev. 1998) (citing Piper v. Harnischfeger Corp., 170 F.R.D. 173, 174 (D. Nev. 1997)). For experts "retained or specifically employed to provide expert testimony" the disclosure requirements are as follows:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

> (ii) the facts considered by the witness in forming them;

> (iii) any exhibits that will be used to summarize or support them;

> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Expert reports eliminate unfair surprise and conserve resources. Elgas, 179 F.R.D. at 299 (citation omitted). The test under Rule 26(a)(2)(B) is "whether [the report is] sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions [ ] avoided, and costs are reduced." Id. As the Advisory Committee Notes state: "The requirement of a written report in paragraph (2)(B), however,

applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written order."  <u>See</u> Adv. Comm. Notes to 1993 Amendments.

The disclosure requirements of Rule 26(a)(2)(B) have, at times, led to tension regarding when disclosure is triggered.  To resolve this tension, the Federal Rules were amended in 2010 to add Rule 26(a)(2)(C), which requires certain disclosures regarding an expert witness who is not required to provide a written report.  Specifically, "if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected testify."  <u>See</u> Fed. R. Civ. P. 26(a)(2)(C). These disclosure requirements were added "to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions."  <u>See</u> Adv. Comm. Notes to 2010 Amendments.  The disclosures are designed to be "considerably less extensive" than those required under Rule 26(a)(2)(B) and courts "must take care against requiring undue detail."  <u>Id.</u> Treating physicians or other health care professionals are primary examples of those who must be identified under Rule 26(a)(2)(A) and provide disclosures pursuant to Rule 26(a)(2)(C) as they may testify as both a fact and expert witness.

1.  Rule 26(a)(2)(C) Treating Physician Disclosure

Generally, a treating physician is not retained or specially employed to provide expert testimony as he or she is a percipient witness of the treatment rendered.  However, in <u>Goodman v. Staples The Office Superstore, LLC</u>, 644 F.3d 817, 826 (9th Cir. 2011), the Ninth Circuit addressed the situation of "hybrid" experts and provided guidance regarding when a treating physician must prepare a Rule 26(a)(2)(B) report.  <u>Goodman</u> confirms that a treating physician is not required to make a Rule 26(a)(2)(B) report to the extent the treating physician's opinions are formed during the course of treatment and limited to the scope of treatment rendered. 644 F.3d at

4

826.

This does not end the court's inquiry as Rule 26(a)(2) requires a specific disclosure of information by experts not required to provide a written report. <u>See</u> Fed. R. Civ. P. 26(a)(2)(C). Specifically, as indicated above, when identifying experts who are not retained or specially employed, such as treating physicians, a party must state the "subject matter" on which the witness is expected to testify and "a summary of the facts and opinions" to which the witness is expected to testify. <u>See</u> Fed. R. Civ. P. 26(a)(2)(C).

Both the Rule 26(a)(2)(B) written report and the Rule 26(2)(C) disclosure "share the goal of increasing efficiency and reducing unfair surprise." <u>Brown v. Providence Medical Center</u>, 2011 WL 4498824, at *1 (D. Neb. 2011). Rule 26(a)(2)(C) requires the timely disclosure of a "summary of the facts and opinions" to which a proposed witness will testify.

2.   <u>Disclosure of Dr. Anderson</u>

In her February 22, 2013 disclosure of expert witnesses, Dr. Anderson was identified as both a retained expert and a treating physician.

To the extent Dr. Anderson is identified as a retained expert, the court finds that she does not qualify as an expert witness due to her failure to file a timely written report. <u>See</u> Fed. R. Civ. P. 26(a)(2)(B).

Insofar as Dr. Anderson is identified as a treating physician who does not need to provide a written report, the Federal Rules nonetheless contemplate disclosure of the subject matter on which she will testify and a summary of the facts and opinions to which she can be expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

In this case, plaintiff presented the following "summary" when disclosing Dr. Anderson as an expert witness:

> Dr. Anderson will be rendering opinions at trial both as a retained expert and based upon her contact with Ms. DeGuzman as a treater, regarding the nature and extent of her injuries, cause of those injuries, diagnosis, prognosis, reasonableness of medical expenses and necessity of treatment. It is further expected Dr. Anderson may offer opinion testimony regarding the work and/or opinions of other experts within her field of expertise. Dr. Anderson's written report, which conforms to all of the requirements of Rule 26(a)(2)(B) of

5

1
2
3

> the Federal Rules of Civil Procedure, is not yet available but will be produced by March 22, 2013.  As a treater, Plaintiff will make Dr. Anderson available for deposition and attaches all [of] Dr. Anderson's medical records currently in Plaintiff's possession as Exhibit C.

4   ECF No. 28 at 3-4.  Exhibit C, in turn, amounts to four pages of medical notes prepared by Dr.

5   Anderson following a January 21, 2013 neurosurgical consultation.  Id., Ex. C.

6          The question before the court is whether this information is sufficient for purposes of Rule

7   26(a)(2)(C).  The court finds that it is not.  Plaintiff's disclosure of Dr. Anderson was

8   accompanied by a statement that fails to meet even the most liberal interpretation of Rule

9   26(a)(2)(C).  That Dr. Anderson intended to testify to "the nature and extent of [plaintiff]'s

10   injuries, cause of those injuries, diagnosis, prognosis, reasonableness of medical expenses and

11   necessity of treatment" is obvious and hardly promotes the goal of increasing efficiency and

12   reducing unfair surprise.

13          Additionally, the submission of plaintiff's medical records does not meet Rule

14   26(a)(2)(C)'s disclosure requirement.  In interpreting this Rule, a District Court in Virginia found,

15   that whatever its precise meaning, "a 'summary' is ordinarily understood to be an 'abstract,

16   abridgement, or compendium . . . . [i]t follows that Plaintiffs cannot comply with the rule by

17   disclosing the complete records of the treating physicians in issue."  Kristensen ex rel. Kristensen,

18   2011 WL 5320686, at *2 (W.D. Va. 2011).  The court agrees that the production or disclosure of

19   medical records, standing alone, is not sufficient to satisfy the requirements of Rule 26(a)(2)(C).

20   While medical records undoubtedly touch on the subject matter of a treating physician's

21   testimony, they do not necessarily provide an accurate or complete summary of expected

22   testimony since medical records are not typically created in anticipation that those records would

23   be used as a witness disclosure.  In any event, plaintiff did not submit her entire medical record

24   here; rather, the exhibit referenced in Dr. Anderson's "summary" consists of a four page medical

25   note prepared by Dr. Anderson following a single meeting with plaintiff.

26          The court therefore finds that Dr. Anderson fails to qualify as an expert under either Rule

27   26(a)(2)(B) or Rule 26(a)(2)(C).  Accordingly, Dr. Anderson is not entitled to fees that may

28   ordinarily be due to expert witnesses.  See Fed. R. Civ. P. 26(b)(4)(E).

1

2   B.      Dr. Anderson as a Fact Witness

3           Notwithstanding her failure to qualify as an expert witness, Dr. Anderson did qualify to

testify as a fact witness.  A fact witness is a witness whose testimony is in the form of an opinion.

4   The testimony must be: "(a) rationally based on the witness's perception; (b) helpful to clearly

5   understanding the witness's testimony or to determining a fact in issue; and (c) not based on

6   scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid.

7   701.  These witnesses are entitled to fees under 28 U.S.C. § 1821(b) (2012), where "[a] witness

8   shall be paid an attendance fee of $40 per day for each day's attendance" at a deposition.

9           In this case, defendant's subpoena duces tecum did not specify that Dr. Anderson's

10  testimony was limited to expert testimony.  In fact, the documents sought from Dr. Anderson

11  included those matters to which Dr. Anderson could reasonably be expected to testify in her

12  capacity as a fact witness.  See, e.g., Greenblatt Decl. Ex. A, ECF No. 40-2 at 5-6 ("All

13  documents regarding plaintiff that were part of your routine treatment of her"; "Any medical

14  records summary that you prepared, received or reviewed in this action.").  Defendant canceled

15  Dr. Anderson's deposition on short notice because Dr. Anderson's expert report was untimely.

16  See Def.'s Opp'n at 1.  This, however, would not have foreclosed Dr. Anderson's testimony as a

17  fact witness.  Accordingly, the court finds defendant's cancelation of the deposition to be

18  improper and will assess a $40 fee to be paid directly to Dr. Anderson.

19          Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel is

20  granted in part.  Defendant is directed to pay Dr. Anderson a $40 witness fee within seven days

21  from the date of this order.

22  DATED:  June 19, 2013

23



24  _____

25  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

26

27

28  /mb;degu0338.mtc

                                        7